UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10044-RWZ

DANIEL J. KALASHIAN

v.

LUMBERMANS MUTUAL CASUALTY COMPANY, *et al.*

ORDER

October 14, 2010

ZOBEL, D.J.

Plaintiff Daniel Kalashian become disabled within the meaning of his ERISA Boston Scientific Corporation Employee Benefit Plan long term disability insurance (the "Plan"), underwritten by defendant Lumbermens Mutual Casualty Company ("Lumbermens"), and started receiving benefits in 2001.  As required by the Plan, he applied for Social Security Disability Income ("SSDI") which he, his wife, and his two children began to receive in 2002.  He informed the Plan that he and his dependants were awarded the SSDI.

Plaintiff's SSDI was correctly deducted from the Plan payments but, in what the Plan administrator and defendant Aetna Life Insurance Company ("Aetna") describes as an error, no deduction was made for the SSDI paid to his wife and children.  This error was discovered in 2009, contemporaneously with a lump-sum offer from Lumbermans to buy out plaintiff's disability claim, and the Plan began to withhold the full amount of the Plan monthly payment in order to recoup the past overpayments.

According to the complaint, the Plan payments were the primary source of income for plaintiff, and this withholding has compelled plaintiff to cancel his family's health insurance and rely on debt to pay for living expenses.

Plaintiff brings this five-count lawsuit against Lumbermens and Aetna.[1]  He argues in Count 1, under 29 U.S.C. § 1132(a)(1), that the deduction of his wife and children's SSDI from the disability payments is contrary to the Plan terms, and in Count 3, under 29 U.S.C. § 1132(a)(3), that he is entitled to equitable relief from the Plan's attempt to recoup overpayments by withholding his monthly payments.[2]  He "withdraws" Counts 2, 4, and 5, all brought under state law.  (Pl.'s Opp'n 2 n.1, Docket # 24.)  Defendants counterclaim for restitution of the overpayment.  Pending before the court is their motion to dismiss.

**I.     Analysis**

The Plan specifies that the monthly benefit payment "will be reduced by the monthly amount of any Other Income Benefits" (Plan Booklet 5, Docket # 15 Ex. 2), which includes "benefits which are provided for you or your dependents as a result of the period of Disability for which you are claiming benefits under This Plan . . . includ[ing] . . . [d]isability or retirement benefits under the U.S. Social Security Act"

---

[1] Boston Scientific Corporation Employee Benefit Plan was named as a defendant in the operative amended complaint and later dismissed by stipulation of the parties.  (Docket # 11.)   Aetna Life Insurance Company was substituted for Aetna, Inc., by stipulation of the parties.  (Docket # 22.)

[2] Although Count 3 is titled "Breach of Fiduciary Duty," plaintiff's equitable argument is premised on general principles of equity and references no fiduciary duty related case-law or statute.

(Plan Booklet 23).  The Plan reserves the right to collect "any benefit overpayments we may make" and "may collect the overpayment by reducing or withholding any future benefit payments otherwise due."  (Plan Booklet 12.)

Plaintiff's monthly benefits payments were not reduced by the amount of the SSDI paid to his wife and children.  He therefore received benefits which were not due to him under the terms of the Plan, and his complaint fails to state a claim under 29 U.S.C. § 1132(a)(1).

The complaint does state a claim for equitable relief under 29 U.S.C. § 1132(a)(3).  "The traditional equitable action for restitution is part and parcel of ERISA's federal common law," State St. Bank & Trust Co. v. Denman Tire Corp., 240 F.3d 83, 89 (1st Cir. 2001), and a beneficiary may seek equitable relief from an ERISA plan's attempt to recoup overpayment of benefits.  See Wells v. U.S. Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1251 (6th Cir. 1991); Phillips v. Mar. Ass'n-I.L.A. Local Pension Plan,194 F. Supp.2d 549, 556-57 (E.D. Tex. 2001); Dandurand v. Unum Life Ins. Co of Am.,150 F.Supp.2d 178, 184 (D. Me. 2001).

The complaint alleges that plaintiff fully disclosed his, his wife's, and his children's receipt of SSDI benefits, yet defendants failed to deduct those benefits from the disability insurance payments for more than seven years.  To recoup the excess, defendants are currently withholding the full amount of plaintiff's monthly benefits even though plaintiff was in no way responsible for the overpayment, the disability insurance was his primary source of income, and this loss of income rendered health insurance unaffordable and plaintiff is relying on debt to fund living expenses.  On these facts,

plaintiff may be entitled to equitable relief from defendants' recoupment of the overpayments. See Dandurand,150 F. Supp.2d at 186-87 (holding ERISA plan was not entitled to recoupment where error was not the fault of the insured, mistake was not discovered for four years, insured had no notice of the mistake, and recoupment would make it difficult for insured to meet living expenses).

## II.     Conclusion

Defendants' motion to dismiss (Docket # 14) is ALLOWED as to Counts 1, 2, 4, and 5 and DENIED as to count 3. Plaintiff's motion for a hearing (Docket # 25) is denied as moot.

    October 14, 2010                                         /s/Rya W. Zobel
          DATE                                                   RYA W. ZOBEL
                                                            UNITED STATES DISTRICT JUDGE